## GILLIAN v. GLOVE CORPORATION.
### No. 6177.

Circuit Court of Appeals, Seventh Circuit.
Oct. 26, 1937.

Rehearing Denied Dec. 4, 1937.

James W. Noel, of Indianapolis, Ind., and George E. Kirk, of Toledo, Ohio, for appellant.

Arthur M. Hood, William P. Hahn, and Harold B. Hood, all of Indianapolis, Ind., for appellee.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

Two patents, Nos. 1,620,643 and 1,807,402, both dealing with "gloves," are involved. The District Court held both patents invalid.

## Patent No. 1,620,643.

The single claim of this patent reads as follows:

"A glove having a one-piece wear facing front having integral palm and finger portions, a plurality of finger back wear facings terminating from the finger tips in the region of the crotches for the fingers, a one-piece lining front having integral palm and finger portions, and a one-piece lining back having integral hand back and finger portions, a plurality of the finger back wear facings being stitched together to form a unit, said linings being stitched together *at the tips of the fingers only*."

For this glove, it is asserted that there is novelty and utility. The latter is based upon the fact that a smaller amount of leather is used, and the glove itself is more satisfactory. There seems to be merit in these statements, but they do not dispose of the controverted issue of infringement of the patent.

Without determining whether there is invention in a combination with the novel features which appellant attributes to his patented glove, or whether it is limited or anticipated by a glove previously made by the Peerless Glove Company, we find ourselves impelled to find for appellee on the ground of noninfringement. We are satisfied that the patent, if valid at all, must be sustained because it describes a specific kind of glove; that its avoidance occurs if the linings are stitched together other than "at the tips of the fingers only."

Equally clear we think the word "and" following the words "finger portions" necessitates the presence of a one-piece lining *front* having integral palm and finger portions, as well as a one-piece lining *back* having integral hand back and finger portions. Appellee's gloves do not meet these requirements, and we are not justified in giving a range of equivalents sufficient to include them.

Our conclusion therefore is that this patent is not infringed.

## Patent No. 1,807,402.

The two claims in this patent read as follows:

"1. A hand covering having a gauntlet, a palm spaced from the gauntlet to provide clearance therebetween, a gauntlet facing bridging said clearance, a thumb, and a facing extending from the thumb crotch over the palm and bridging portion to the gauntlet.

"2. A hand covering having a palm section shorter than the back section, a complete fully stiffened gauntlet having a front portion spaced from the palm section, and a palm base section having a gauntlet face extension therefrom in shape to form a filler in the space between the gauntlet and palm section and to connect with the palm section and to provide at said space a region of flexibility."

Novelty is asserted because of the so-called "flexing filler."

We agree with the District Court in its conclusion that placing a "filler" in the space between the gauntlet and the palm section, which thereby provides at said space a region of flexibility, is not patentable, whether novel or not.

Obviously, the stiff gauntlet was not flexible. If a flexible piece of leather called a filler were attached to the gauntlet the filler part would, of course, be more flexible than the gauntlet. If at the other end this filler were also connected with the palm section of the glove, the two parts would be united, and between the gauntlet and the palm section there would be the flexible portion called the filler. The more flexible this filler, the greater the flexibility at the point where flexibility is desired. Granting that there was novelty in providing a separate flexible piece for a filler instead of carrying the flexible palm section further up and making the gauntlet part shorter, we are unable to say that such novelty was patentable. Capezio v. Chicago

Theatrical Shoe Company (C.C.A.) 88 F. (2d) 77.

Our conclusion is that the claims are invalid.

The decree is affirmed.